IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



UNITED STATES OF AMERICA,

     Plaintiff,

vs.

ARTHUR YANCY,

     Defendant.

Cv. No. 04-1043-T/An
Cr. No. 00-10063-T

ORDER DENYING MOTION TO SUPPLEMENT
ORDER DIRECTING UNITED STATES TO RESPOND
AND
ORDER DENYING MOTION TO COMPEL AS MOOT

On March 5, 2004, defendant, Arthur Yancy, Bureau of Prisons registration number 17574-076, an inmate at the Federal Correctional Institution ("FCI") at Talladega, Alabama, filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his conviction for violating 21 U.S.C. § 841(a)(1).

I. PROCEDURAL HISTORY

On November 20, 2000, a federal grand jury returned a one-count indictment against Yancy, charging him with possessing narcotics with the intent to distribute. On February 13, 2001, Yancy pled guilty. This Court conducted a sentencing hearing on August 2, 2001, at which time Yancy was sentenced to three hundred twenty-five (325) months imprisonment, to be followed by a five-year period of supervised release. Judgment was entered on August 3, 2001. Yancy appealed this Court's denial of his motion to suppress evidence, and the Sixth Circuit Court of Appeals held that Yancy waived his right to appeal. United States v. Yancy, No. 01-6019, 56 Fed. Appx. 708 (6th Cir. Mar. 4, 2003).

Defendant now claims that his sentence should be set aside due to ineffective assistance of counsel occurring during the entry of his guilty plea and at sentencing. Specifically, he alleges that counsel failed to:

1.      preserve his right to appeal the motion to suppress evidence;

2.      compel the government to file the required 21 U.S.C. § 851(a)(1) information to enhance his sentence;

3.      argue that the government was required to prove the drug quantity under Apprendi v. New Jersey, 530 U.S. 466 (2000), and

4.      inform him that he would be sentenced as a career offender.

II.    MOTION TO AMEND

On April 11, 2005, Yancy filed a motion to supplement his pending § 2255 with a claim that his conviction and sentence violate the principles announced in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

Yancy's conviction became final no later than June 2, 2003, the last day on which he could have filed petition for certiorari with the United States Supreme Court. The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3(6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). Yancy's motion filed on March 5, 2004 was timely. However, the time to amend to raise additional claims expired on June 2, 2004.

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing

United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."))[1]

The motion to amend filed on April 11, 2005, does not supplement the original claims of the petition, the motion raises additional claims. The motion and claims are untimely and the issues therein are barred by the AEDPA statute of limitations.

Furthermore, to the extent that defendant seeks to raise new issues or supplement pending issues to seek relief under the principles enunciated in Blakely and Booker, such amendment would be futile. See Oleson v. United States, 27 Fed. Appx. 566, 570-71 n. 5 (6th Cir. 2001)(holding motions seeking to amend to retroactively apply Apprendi v. New Jersey, 530 U.S. 466 (2000), to initial § 2255 motions futile, because Apprendi was not retroactive in effect and citing United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001)). Yancy cannot demonstrate that Blakely or Booker have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In United States v. Booker, although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

---

[1]    See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (Feb. 25, 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>.  <u>Id.</u> at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>).  Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings.  <u>Humphress</u>, 398 F.3d at 860.

Accordingly, it would be futile to allow Yancy to amend or supplement his motion to vacate to seek retroactive application of <u>Blakely</u> or <u>Booker</u>.  The motion [Docket # 4] is hereby DENIED.

III. <u>ORDER TO RESPOND</u>

It is ORDERED that the United States file a response to the motion within twenty-three days from the date of this order.  The Clerk shall provide a copy of the motion in this cause and this order to the United States Attorney for the Western District of Tennessee.  As the United States has now been required to file a response, the motion to compel [Docket # 6] is DENIED as MOOT.

IT IS SO ORDERED .

 S/ **James D. Todd**             
JAMES D. TODD
UNITED STATES DISTRICT JUDGE